UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN

MERCEDES BENZ USA LLC,

PLAINTIFF,

-AGAINST-

DANIEL BOMBARDIER

DEFENDANT.

No.: 19 Civ. _____ (\_\_\_)

## COMPLAINT

Plaintiff Mercedes Benz USA, LLC ("MBUSA"), by its attorneys, Quinn Emanuel Urquhart & Sullivan, LLP, brings this action against Defendant Daniel Bombardier and for its Complaint alleges as follows.

## NATURE OF THE ACTION

1. This is a civil action under the Declaratory Judgment Act seeking to validate MBUSA's depiction of Defendant's graffiti mural in one of MBUSA's Instagram posts about its G 500 Series truck.

2. MBUSA is an automotive brand that showcased the newest model of its G Class, the G 500, at the North American International Auto Show in January 2018 in Detroit, Michigan. The G 500 is engineered as a luxury SUV with off-road capabilities.

3. Around this time, MBUSA obtained a permit from the city of Detroit to photograph various locations throughout the city. In compliance with this permit, MBUSA commissioned photographs of the G 500 truck parked and driving through the streets of Detroit.

4. On January 26, 2018, MBUSA posted to its Instagram account, @mercedesbenz, six photographs depicting the G 500's journey through Detroit. The post contained the following caption: "[t]his off-road legend is always ready for some urban exploration to mix things up." The post was designed to highlight the versatility of the G 500–it has off-road capabilities, but also thrives in the city.

5. The background of one of these six photographs—the fifth of the post—depicted a partially obstructed and blurred image of a mural that Defendant had painted on a building. Defendant's mural was created under the auspices of a program, called the Murals in the Market Festival, that was conceived for various functional reasons, such as improving the visual appearance of Detroit's cityscape, drawing tourists to the Eastern Market District of Detroit, increasing traffic, and improving safety.

6. In March 2019, over a year after MBUSA published this Instagram post, Defendant Daniel Bombardier, a Canadian stencil and mural artist, threatened to file a copyright infringement lawsuit against MBUSA based on MBUSA's depiction of Defendant's mural in the photograph and post. MBUSA respects artists

and the arts; it regularly partners with cultural institutions and supports art festivals to advance the arts. Therefore, as a courtesy, MBUSA immediately removed the entire Instagram post from its account.

7. Nonetheless, Defendant's attorney continued making threats against MBUSA, claiming that Defendant desires to "expose" MBUSA, use formal discovery to learn information other people can use to sue MBUSA, and tell a jury that MBUSA made $80 million selling the G series truck in an effort to wipe out MBUSA's revenue from sales of the G Series.

8. MBUSA did not infringe Defendant's alleged copyright and therefore refused to credit this aggressive shakedown effort.

9. MBUSA files this declaratory judgment lawsuit to resolve Defendant's baseless claims and obtain declaratory judgments that (1) the photograph and January 2018 Instagram post depicting Defendant's mural did not infringe Defendant's alleged copyright; (2) MBUSA made fair use of Defendant's mural; (3) Defendant's mural is exempt from protection under the Architectural Works Copyright Protection Act; (4) MBUSA did not violate the prohibition under the Digital Millennium Copyright Act against falsifying or intentionally removing or altering copyright management information; and (5) the photograph and post did not violate any of Defendant's other alleged rights.

**PARTIES**

10. Plaintiff MBUSA is a Delaware limited liability company.

11. Defendant Daniel Bombardier created the mural depicted in the fifth photograph of MBUSA's January 26, 2018 Instagram post. Upon information and belief, Bombardier is a resident of Canada.

**JURISDICTION AND VENUE**

12. Because this action arises under the copyright laws of the United States, 17 U.S.C. §§101 et seq., this Court has subject matter jurisdiction under 28 U.S.C. §§ 1331 and 1338, and the Declaratory Judgment Act, 28 U.S.C. §2201.

13. The Court has personal jurisdiction over Defendant Daniel Bombardier because events giving rise to the claims occurred in Michigan.

14. Venue is proper in this District under 28 U.S.C. § 1391 and 28 U.S.C. § 1400 because a substantial part of the events giving rise to the claims occurred in this District and because, upon information and belief, Defendant regularly does or solicits business in this District.

15. A case or controversy exists between the parties because Defendant has threatened to sue MBUSA, has accused MBUSA of copyright infringement and violating the Digital Millennium Copyright Act, and demanded that MBUSA cease and desist from using the photograph and post depicting his mural.

### FACTUAL ALLEGATIONS

**I.      MBUSA Unveils its New G 500 at the Annual Auto Show and Publishes an Instagram Post About the Truck's Versatility.**

16.     MBUSA is an automobile brand that is known for its luxury cars, trucks, buses, and other vehicles.

17.     In January 2018, MBUSA unveiled the G 500 truck from its newly designed 2019 G Class at the North American International Auto Show.  The show was held at the Cobo Center in Detroit, Michigan.

18.     MBUSA redesigned the new G 500 to be an improved off-road friendly version of its luxury truck, with additional space for passengers and storing belongings.

19.     The G Class debuted a newly engineered double-wishbone front suspension, rigid rear axle, and electronic power steering—all intended to enhance the driving experience and precision on unexpected terrain.

20.     While in Detroit, MBUSA obtained a Still Photography & B-Roll permit from the Detroit Film Office to photograph its vehicles in the following four areas: (1) Eastern Market – 1314 Gratiot Avenue; (2) Belle Isle; (3) Motown Museum – 2648 West Grand Blvd.; and (4) Russel Industrial Center – 1600 Grand Boulevard.  The permit was valid between January 15 and 16 of 2018.  A copy of that permit is attached as Exhibit A.

21. In compliance with the permit, MBUSA commissioned a series of photographs of the G 500 driving through the streets of Detroit. On January 26, 2018, MBUSA published a post on its Instagram account, @mercedesbenz, that featured a series of six photographs showcasing the G 500's versatility. The post contained the following caption: "This off-road legend is always ready for some urban exploration to mix things up."

22. All six of the photographs in MBUSA's post featured the G 500 in various locations throughout Detroit. The background of the sixth photograph depicted, among other things, a partially obstructed and blurred image of graffiti art created by the Defendant, an artist named Daniel Bombardier a/k/a DENIAL:



23. A picture of Defendant's full mural is reproduced below:

6



24. In March 2019, Defendant threatened to sue MBUSA for copyright infringement if MBUSA did not pay him a substantial sum of money. MBUSA immediately removed the Instagram post from its account, as a courtesy, but refused to validate this aggressive shakedown. MBUSA now files this declaratory judgment complaint to resolve the parties' dispute.

**II. The January 2018 Post Transformed the Aesthetic And Meaning Of Defendant's Mural and Used Only a Minimal Amount of the Mural.**

25. As would be plain to any reasonable observer, MBUSA's January 2018 Instagram post—which depicts only a minimal amount of Defendant's mural in the background of the fifth photograph in the series—fundamentally transformed the visual aesthetic and meaning of Defendant's mural.

26. The January 2018 post differs visually from Defendant's mural in the following ways, at a minimum:

7

a. The photograph in the January 2018 post is not static—it is an action photo that is partly blurred to highlight the vehicle's speed and movement throughout the city streets.

b. Defendant's mural is slightly blurred in the January 2018 post.

c. Defendant's mural is viewed from the side (as opposed to straight on) and depicted at a steep, oblique angle in the photograph—an aesthetic that is designed to draw the viewer's focus immediately to the G 500, not the mural.

d. A portion of Defendant's mural is outside the frame of the photograph, and an even larger portion is obstructed by the G 500 and a telephone pole.

e. Defendant's mural is not the centerpiece of the photograph or the series of six photographs—it appears only because it was integrated into the cityscape that MBUSA included as part of the background, with the city of Detroit's permission, to highlight the G 500's capabilities in city driving.

27. These readily observable differences between the January 2018 post and Defendant's mural, among others, give the January 2018 post an entirely different aesthetic than Defendant's mural.

28. The January 2018 post also may reasonably be perceived to convey a different meaning than Defendant's mural. The caption of the post and the photograph's distinct aesthetic communicate the versatility of the G 500: it is an

off-road vehicle that is always ready for some "urban exploration." The series of photographs shows the truck driving throughout the city. That is the focus and message of the post, not the meaning or message of the art.

29. By contrast, Defendant is known for creating art that critiques consumerism and the human condition.

30. Defendant's mural cannot reasonably be perceived to communicate messages about the versatility of the G 500, off-road cars driving in the city, or any other message that substantially overlaps with MBUSA's Instagram post.

### III. The January 2018 Post Did Not Usurp The Market for Defendant's Mural.

31. Upon information and belief, Bombardier is a stencil and mural artist who has created works all over Canada and the United States as commentary on consumerism and the human condition.

32. MBUSA's January 2018 post, including the G 500, and Defendant's mural do not target the same audiences.

33. MBUSA's January 2018 post, including the G 500, and Defendant's mural do not target the same commercial markets.

34. Defendant's mural is part of a larger effort to attract tourism to the Eastern Market District of Detroit. MBUSA's January 2018 post was not created for this purpose or a related purpose.

35. Upon information and belief, the January 2018 post has not decreased demand in the market for Defendant's mural or depictions of Defendant's mural.

36. Upon information and belief, Defendant's mural has been frequently reproduced on the internet, without charge.

### IV. The Defendant's Mural Is Integral to the Detroit Cityscape And Serves A Functional Purpose.

37. Defendant's mural was created in 2017 for the third annual Murals in the Market Art Festival ("MITM").

38. MITM is an annual art festival that was started in 2015 and is held in the Eastern Market district of Detroit. MITM lasts approximately 10 days, during which festival visitors can watch artists create their works and enjoy food, music, tours, and workshops. Though MITM has much to offer, the centerpiece of the festival is the street art.

39. MITM is organized and produced primarily by 1xRUN (one-time run) and Eastern Market Corporation.

40. Upon information and belief, 1xRUN is a publishing company that was started in the Eastern Market.

41. Upon information and belief, the Eastern Market Corporation is a nonprofit organization that manages the Eastern District.

42. The Eastern Market Corporation's stated mission is to "manage operations, develop programs, build facilities, provide critical infrastructure, and

collaborate with community partners to: [s]trengthen the Eastern Market District as the most inclusive, resilient, and robust regional food hub in the United States[; f]ortify the food sector as a pillar of regional economic growth[; and i]mprove access to healthy, green, affordable, and fair food choices in Detroit and throughout Southeast Michigan." *Building the Market*, EASTERN MARKET, https://www.easternmarket.org/district/building-the-market (last visited March 28, 2019).

43. In furtherance of that mission, the Eastern Market Corporation collaborated with 1xRUN beginning in 2015 to start MITM, which was part of a larger effort to reinvigorate the Eastern Market, "into a must-see destination for arts, as well as food . . . ." *See About*, MURALS IN THE MARKET, https://www.muralsinthemarket.com/about (last visited Mar. 28, 2019). In accomplishing this goal, MITM brings art and culture to the district by showcasing hundreds of public works.

44. MITM invites artists from all over the world to showcase their art style during the festival, which consists largely, though not exclusively, of murals. The artists create their works over the 10-day festival period, and the final product becomes a permanent part of the Eastern Market cityscape.

45. Since its inception, MITM has resulted in over 150 murals throughout the Eastern Market, which has had "a significant visual impact on the surrounding

neighborhood as well as increased traffic, additional economic development, and increased safety." *See About*, MURALS IN THE MARKET, https://www.muralsinthemarket.com/about (last visited Mar. 28, 2019). Due to the festival's success, the murals scattered across the Eastern Market have become a tourist destination, and the festival itself has been named one of the best in the world.

46. Defendant's mural was created as a part of this project in 2017, *see 2017 Murals*, MURALS IN THE MARKET, htttps://www.muralsinthemarket.com/murals (last visited Mar. 28, 2019).

47. As part of the MITM, Defendant's mural was created for the functional purposes set forth in Eastern Market Corporation's mission statement, including increasing tourism, traffic, economic development, and safety in the Eastern Market.

48. As part of the MITM, Defendant's mural was intended to be integrated into the Detroit cityscape to improve the visual appearance of the city and enhance the appeal of the Eastern Market to tourists.

49. As part of the MITM, upon information and belief, Defendant's creation of the mural was governed or constrained by the purposes of the MITM festival and the Eastern Market Corporation's mission.

**FIRST CAUSE OF ACTION**
**Declaratory Judgment of Non-Infringement**
**Under 28 U.S.C. § 2201, *et seq.* (Declaratory Judgment Act) and**
**17 U.S.C. § 101, *et seq.* (Copyright Act)**

50. MBUSA incorporates all of the above allegations as if they were fully stated here.

51. A real and actual controversy exists between MBUSA and Defendant as to whether MBUSA's photograph and post depicting Defendant's mural infringes Defendant's alleged copyright.

52. MBUSA is entitled to a judgment declaring that its Instagram post of a photograph depicting Defendant's mural does not infringe Defendant's alleged copyright, because the photograph is not a copy of, a phonorecord of, derivative work based on, a performance of, a display of, or a transmission of the mural, and at most amounts to a *de minimis* use of the mural.

**SECOND CAUSE OF ACTION**
**Declaratory Judgment of Fair Use**
**Under 28 U.S.C. § 2201, *et seq.* (Declaratory Judgment Act) and**
**17 U.S.C. § 101, *et seq.* (Copyright Act)**

53. MBUSA incorporates all of the above allegations as if they were fully stated here.

54. A real and actual controversy exists between MBUSA and Defendant as to whether MBUSA's photograph and Instagram post depicting Defendant's mural made fair use of the mural.

55. MBUSA transformed the meaning, message, and aesthetic of the mural.

56. The amount and substantiality of the mural depicted in MBUSA's photograph was minimal.

57. MBUSA's photograph and post depicting Defendant's mural will not have a material effect on the market or potential market for the mural.

58. MBUSA is entitled to a judgment declaring that it made fair use of the mural in its photograph and Instagram post.

### THIRD CAUSE OF ACTION
**Declaratory Judgment of Exemption Under the AWCPA
Under 28 U.S.C. § 2201, *et seq.* (Declaratory Judgment Act) and
17 U.S.C. § 101, *et seq.* (Copyright Act)**

59. MBUSA incorporates all of the above allegations as if they were fully stated here.

60. A real and actual controversy exists between MBUSA and Defendant as to whether the mural is exempt from protection under the Architectural Works Copyright Protection Act ("AWCPA"), based upon the terms of 17 U.S.C. § 120(a).

61. Defendant's mural was integrated into the façade of a building and the Detroit cityscape.

62. Defendant's mural was created for a functional purpose.

63. Upon information and belief, Defendant's mural was created within the constraints, guidelines, or purposes of the MITM.

64. MBUSA is entitled to a judgment declaring that the mural is part of an architectural work, within the meaning of § 120(a), and is therefore exempt from protection under the AWCPA.

### FOURTH CAUSE OF ACTION
**Declaratory Judgment of Non-Violation of the DMCA
Under 28 U.S.C. § 2201, *et seq.* (Declaratory Judgment Act) and
17 U.S.C. § 1201, *et seq.* (Digital Millennium Copyright Act)**

65. MBUSA incorporates all of the above allegations as if they were fully stated here.

66. MBUSA did not remove or alter any of Defendant's alleged copyright management information when publishing the January 2018 post.

67. To the extent MBUSA did remove any such copyright management information, it did not do so intentionally.

68. MBUSA requests a declaratory judgment that its January 2018 post and photograph depicting Defendant's mural did not violate the prohibition under the Digital Millennium Copyright Act against falsifying or intentionally removing or altering copyright management information.

## FIFTH CAUSE OF ACTION
### Declaratory Judgment
### Under 28 U.S.C. § 2201, *et seq.* (Declaratory Judgment Act)

69. MBUSA incorporates all of the above allegations as if they were fully stated here.

70. MBUSA did not breach any alleged duty to Defendant, or violate Defendant's alleged rights, by using a photograph of its G 500 truck depicting a blurred portion of Defendant's mural in the background.

71. MBUSA is therefore entitled to a judgment declaring that its use of Defendant's mural in the January 2018 post did not violate any of Defendant's alleged rights.

## PRAYER FOR RELIEF

WHEREFORE, MBUSA demands judgment as follows:

- Declaring that MBUSA's photograph and post depicting Defendant's mural do not infringe upon Defendant's alleged copyright;

- Declaring that MBUSA's photograph and post depicting Defendant's mural made fair use of the mural; and

- Declaring that Defendant's mural, as depicted in MBUSA's photograph and post, is exempt from protection under the AWCPA;

- Declaring that the post did not violate any of Defendant's alleged rights;

- Declaring that MBUSA did not violate the prohibition under the Digital Millennium Copyright Act against falsifying or intentionally removing or altering copyright management information;

- Awarding MBUSA the cost of suit as incurred in this action and attorneys' fees under 17 U.S.C. § 505; and

- Awarding MBUSA all other relief as may be appropriate.

Dated: March 29, 2019
New York, New York

Respectfully Submitted,

QUINN EMANUEL URQUHART & SULLIVAN LLP

By: *s/Edward DeFranco*
Edward DeFranco
Luke Nikas (admission application to be filed)
Maaren A. Shah (admission application to be filed)
51 Madison Avenue, 22nd Floor
New York, New York 10010
Tel : (212) 849-7000
Fax : (212) 849-7100
eddefranco@quinnemanuel.com
lukenikas@quinnemanuel.com
maarenshah@quinnemanuel.com

MILLER, CANFIELD, PADDOCK & STONE, PLC

A. Michael Palizzi  (P47262)
Caroline B. Giordano (P76658)
150 West Jefferson, Suite 250
Detroit, Michigan  48226
Tel: (313) 496-7645
Fax: (313) 496-8454
palizzi@millercanfield.com
giordano@millercanfield.com

*Attorneys for Plaintiff Mercedes Benz USA, LLC*

17

JS 44 (Rev. 06/17)

# CIVIL COVER SHEET

County in which action arose: Wayne

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS
Mercedes Benz USA LLC

**(b)** County of Residence of First Listed Plaintiff: New Castle, Deleware
*(EXCEPT IN U.S. PLAINTIFF CASES)*

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
Edward DeFranco, Quinn Emanuel Urquhart & Sullivan, LLP
51 Madison Avenue, 22nd Floor, New York, New York 10010
(212) 849-7000

## DEFENDANTS
Daniel Bombardier

County of Residence of First Listed Defendant
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

Attorneys *(If Known)*
Jeffrey Gluck, Gluck Law Firm P.C.
602 N. Sweetzer Avenue, Los Angeles, California 90048
(310) 776-7413

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*
- [ ] 1 U.S. Government Plaintiff
- [x] 3 Federal Question (U.S. Government Not a Party)
- [ ] 2 U.S. Government Defendant
- [ ] 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)*
*(For Diversity Cases Only)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ■ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ■ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 365 Personal Injury - Product Liability | ☐ 690 Other | ☐ 423 Withdrawal 28 USC 157 | ☐ 376 Qui Tam (31 USC 3729(a)) |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 367 Health Care/ Pharmaceutical Personal Injury Product Liability | | **PROPERTY RIGHTS** | ☐ 400 State Reapportionment |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | | | ■ 820 Copyrights | ☐ 410 Antitrust |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | | | ☐ 830 Patent | ☐ 430 Banks and Banking |
| ☐ 151 Medicare Act | ☐ 340 Marine | ☐ 368 Asbestos Personal Injury Product Liability | | ☐ 835 Patent - Abbreviated New Drug Application | ☐ 450 Commerce |
| ☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans) | ☐ 345 Marine Product Liability | **PERSONAL PROPERTY** | **LABOR** | ☐ 840 Trademark | ☐ 460 Deportation |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 370 Other Fraud | ☐ 710 Fair Labor Standards Act | **SOCIAL SECURITY** | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 371 Truth in Lending | ☐ 720 Labor/Management Relations | ☐ 861 HIA (1395ff) | ☐ 480 Consumer Credit |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 380 Other Personal Property Damage | | ☐ 862 Black Lung (923) | ☐ 490 Cable/Sat TV |
| ☐ 195 Contract Product Liability | ☐ 362 Personal Injury - Medical Malpractice | ☐ 385 Property Damage Product Liability | ☐ 740 Railway Labor Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 196 Franchise | | | ☐ 751 Family and Medical Leave Act | ☐ 864 SSID Title XVI | ☐ 890 Other Statutory Actions |
| | | | ☐ 790 Other Labor Litigation | ☐ 865 RSI (405(g)) | ☐ 891 Agricultural Acts |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 791 Employee Retirement Income Security Act | **FEDERAL TAX SUITS** | ☐ 893 Environmental Matters |
| ☐ 210 Land Condemnation | ☐ 440 Other Civil Rights | **Habeas Corpus:** | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 895 Freedom of Information Act |
| ☐ 220 Foreclosure | ☐ 441 Voting | ☐ 463 Alien Detainee | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 896 Arbitration |
| ☐ 230 Rent Lease & Ejectment | ☐ 442 Employment | ☐ 510 Motions to Vacate Sentence | | | ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| ☐ 240 Torts to Land | ☐ 443 Housing/ Accommodations | ☐ 530 General | | | ☐ 950 Constitutionality of State Statutes |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 535 Death Penalty | **IMMIGRATION** | | |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | **Other:** | ☐ 462 Naturalization Application | | |
| | ☐ 448 Education | ☐ 540 Mandamus & Other | ☐ 465 Other Immigration Actions | | |
| | | ☐ 550 Civil Rights | | | |
| | | ☐ 555 Prison Condition | | | |
| | | ☐ 560 Civil Detainee - Conditions of Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*
- [x] 1 Original Proceeding
- [ ] 2 Removed from State Court
- [ ] 3 Remanded from Appellate Court
- [ ] 4 Reinstated or Reopened
- [ ] 5 Transferred from Another District *(specify)*
- [ ] 6 Multidistrict Litigation - Transfer
- [ ] 8 Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
28 U.S.C. §2201, et seq.; 17 U.S.C. § 101, et seq.; 17 U.S.C. §1201, et seq.

Brief description of cause:
Declaratory action for declarations of non-infringement, fair use, exemption from protection under the AQCPA; non violation of DMCA; etc.

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P.
DEMAND $
CHECK YES only if demanded in complaint:
JURY DEMAND: ☐ Yes ■ No

## VIII. RELATED CASE(S) IF ANY
*(See instructions):*
This is related to: MBUSA v. Soto and
JUDGE MBUSA v. Lewis
DOCKET NUMBER Docket and Judge Not assigned

DATE
March 29, 2019

SIGNATURE OF ATTORNEY OF RECORD

**FOR OFFICE USE ONLY**

RECEIPT # _____ AMOUNT _____ APPLYING IFP _____ JUDGE _____ MAG. JUDGE _____

PURSUANT TO LOCAL RULE 83.11

1. Is this a case that has been previously dismissed? ☐ Yes ☒ No

   If yes, give the following information:

   Court: _____

   Case No.: _____

   Judge: _____

2. Other than stated above, are there any pending or previously discontinued or dismissed companion cases in this or any other court, including state court? (Companion cases are matters in which it appears substantially similar evidence will be offered or the same or related parties are present and the cases arise out of the same transaction or occurrence.) ☐ Yes ☒ No

   If yes, give the following information:

   Court: _____

   Case No.: _____

   Judge: _____

Notes :

PURSUANT TO LOCAL RULE 83.11