UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

**MERCEDES BENZ USA LLC,**

        Plaintiff,

                              **HONORABLE AVERN COHN**

    v.

                              **No. 19-10948**

**JAMES LEWIS,**

        Defendant.
_____/

**MERCEDES BENZ USA LLC,**

        Plaintiff,

                              **HONORABLE AVERN COHN**

    v.

                              **No. 19-10949**

**JEFF SOTO and MAXX GRAMAJO,**

        Defendants.
_____/

**MERCEDES BENZ USA LLC,**

        Plaintiff,

                              **HONORABLE AVERN COHN**

    v.

                              **No. 19-10951**

**DANIEL BOMBARDIER,**

        Defendant.
_____/

**HEARING ON MOTIONS TO DISMISS**

**Monday, September 9, 2019**

- - -

*To obtain a certified transcript, contact:*
*Sheri K. Ward, Official Court Reporter*
*(313)234-2604 · ward@transcriptorders.com*
*Transcript produced using machine shorthand and CAT software.*

```
Appearances:

Edward J. DeFranco
Luke W. Nikas                     David A. Erikson
Quinn Emanuel                     Erikson Law Group
51 Madison Avenue, 22nd Fl        200 N. Larchmont Blvd.
New York, New York  10010         Los Angeles, CA  90004
(212) 849-7000                    (323) 465-3100
  On behalf of Plaintiff            On behalf of all Defendants

A. Michael Palizzi                Norman L. Lippitt
Miller Canfield                   Lippitt O'Keefe Gornbein
150 W. Jefferson Avenue, #2500    370 E. Maple Road, Third Floor
Detroit, Michigan  48226          Birmingham, Michigan  48009
(313) 496-7645                    (248) 646-8292
  On behalf of Plaintiff            On behalf of all Defendants

Audra Dial                        Jeffrey S. Gluck
  Asst. Gen. Counsel-Litigation   Gluck Law Firm, P.C.
  Mercedes-Benz USA               123 N. Kings Road #6
                                  Los Angeles, CA  90048
                                  (310)776-7413
                                    On behalf of all Defendants

                     -  -  -
```

*Hearing on Motions to Dismiss*
*Monday, September 9, 2019*

**I N D E X**

<u>Proceedings</u>                                           <u>Page</u>

  M/Dismiss Re: Jurisdiction ......................6

  Ruling of the Court .............................6

  M/Dismiss Re: Declaratory Relief ................6

  Ruling of the Court .............................7

  M/Dismiss Re: Lack of Ripeness ..................7

    Argument by Mr. Erikson .......................7

    Argument by Mr. Gluck ........................14

  Certification of Reporter ......................15

- - -

**E X H I B I T S**

| <u>Number</u> | <u>Description</u> | <u>Id'd</u> <u>Rcvd</u> <u>Vol</u>. |
|---|---|---|

***None Marked, Offered or Received***

- - -

*Mercedes Benz v. Lewis/Soto/Bombardier*

```
 1                           Detroit, Michigan
 2                           Monday, September 9, 2019
 3                           10:56 a.m.
 4                              -  -  -
 5           THE CLERK:  Calling Case Number 19-10948,
 6   19-10949 and 15-10951, Mercedes-Benz v. Lewis, Soto and
 7   Bombardier.
 8           Will counsel please identify themselves for the
 9   record.
10           MR. ERIKSON:  Good morning, Your Honor.
11   David Erikson for the defendants in all three cases.
12           THE COURT:  Excuse me.  There's three of you
13   sitting at the table, four, but only Mr. Erikson is entering
14   the appearance?  What are the other people sitting at your
15   table?
16           MR. PALIZZI:  At our table, Judge?
17           THE COURT:  You just said you represent the
18   plaintiff?
19           MR. PALIZZI:  No.
20           MR. ERIKSON:  I identified myself as
21   representing the defendants.
22           THE COURT:  Hold on.  You are representing the
23   defendants?
24           MR. PALIZZI:  Judge, we're here on behalf of the
25   plaintiff, Mercedes.
```

*Mercedes Benz v. Lewis/Soto/Bombardier*

1    THE COURT: I haven't realigned the parties yet.
2    I'm going to get to that later.
3    MR. PALIZZI: That wasn't me talking, Judge. I
4    was standing, but Mr. Erikson was speaking.
5    THE COURT: Who represents Mercedes?
6    MR. PALIZZI: This whole table does, Judge.
7    THE COURT: And you have entered the appearance.
8    Who are the other two gentlemen at the table?
9    MR. PALIZZI: We have all entered appearances,
10   Judge. I'm Mike Palizzi from Miller Canfield on behalf of
11   Mercedes.
12   THE COURT: I can't see that far, Mr. Palizzi.
13   You've got a beard besides.
14   MR. PALIZZI: Beside me is Ed DeFranco.
15   MR. DeFRANCO: Good morning, Your Honor.
16   THE COURT: And Luke Nikas. They are both from
17   Quinn Emanuel.
18   MR. NIKAS: Good morning, Your Honor.
19   MR. PALIZZI: I'm local counsel, and with me at
20   counsel's table here is Audra Dial. She's the assistant
21   general counsel of litigation for Mercedes.
22   THE COURT: All right.
23   MR. LIPPITT: Your Honor, I am Norman Lippitt
24   and I am local counsel for all defendants, and to my left is
25   David Erikson, a member of the bar of California, and to my

1   right is Jeffrey Gluck, a member of the California bar as
2   well.  We represent all three defendants.
3              THE COURT:  Thank you.  Be seated.
4              I must say, given the number of lawyers at
5   counsel table, this case has a significance that escapes the
6   Court.  So what is defendants' motion?
7              MR. ERIKSON:  We're moving to dismiss on a few
8   different grounds.
9              THE COURT:  What?
10             MR. ERIKSON:  We're moving to dismiss.
11             THE COURT:  Go ahead.
12             MR. ERIKSON:  First, two of the defendants are
13  moving to dismiss on the ground that the Court -- they are
14  not subject to personal jurisdiction.
15             THE COURT:  That motion is denied.  The Court
16  has limited personal jurisdiction over those two defendants
17  because they worked in Detroit and the murals which are at
18  issue are located in Detroit.  So it's within Constitutional
19  limitations to require them to defend their work in Detroit
20  because that's where the work is located.
21             Now, what's your other motion?
22             MR. ERIKSON:  Can I be heard on that?
23             THE COURT:  No.
24             MR. ERIKSON:  The next motion is to dismiss
25  one of their declaratory relief claims --

| | |
|---|---|
| 1 | THE COURT: Pardon? |
| 2 | MR. ERIKSON: -- based on the Architectural |
| 3 | Works Copyright Protection Act. |
| 4 | THE COURT: That motion is denied also, and the |
| 5 | Court will explain that in a written opinion. You will be |
| 6 | defending this case -- you will be prosecuting this case in |
| 7 | Detroit. Thank you. |
| 8 | MR. ERIKSON: There was one other ground. |
| 9 | THE COURT: What's that? |
| 10 | MR. ERIKSON: Lack of ripeness for the |
| 11 | declaratory relief claim. |
| 12 | THE COURT: Well, we'll see about that one. |
| 13 | Lack of ripeness? |
| 14 | MR. ERIKSON: Yes, ripeness. |
| 15 | THE COURT: How do you define "ripe"? |
| 16 | MR. ERIKSON: The controversy has to have |
| 17 | sufficient immediacy. For the declaratory relief plaintiff |
| 18 | has to have an immediate apprehension of being sued. In |
| 19 | this case there was no immediate apprehension because |
| 20 | plaintiffs couldn't have brought a copyright infringement |
| 21 | claim because it wasn't registered. |
| 22 | THE COURT: So if I realigned this case in the |
| 23 | traditional form so that the owner of the work of art is |
| 24 | challenging the misappropriation, so to speak, of their |
| 25 | work, you say you would have no case? |

1  MR. ERIKSON: Correct. Our case would be
2  dismissed for failure to state a claim because we would be
3  unable to plead that we had registered the works, which is
4  an absolute prerequisite.
5  THE COURT: So, in other words, you are saying
6  that Mercedes did not violate anybody's rights by putting
7  these murals in advertising and at no time in the future
8  will your clients sue Mercedes for what I would call -- I'm
9  not sure you use this word in civil talk, but at no time
10 would they claim Mercedes violated the corpus delicti. Is
11 that what you're saying?
12 MR. ERIKSON: No, I'm not saying that. I'm
13 saying only that they cannot sue now.
14 THE COURT: Oh, today they can't?
15 MR. ERIKSON: Correct.
16 THE COURT: How about tomorrow?
17 MR. ERIKSON: If we were to go through the
18 registration process, then, yes, or when we get the
19 registration.
20 THE COURT: No, sir, no, I'm not going to accept
21 that, but I won't realign the parties for the time being.
22 I'll explain all of this in a written opinion. I would
23 prefer to realign the parties in the traditional form so
24 that the owner of the work of art which was misappropriated
25 is suing for misappropriation and damages because you can't

 1   order Mercedes to take down the work of art and I think
 2   Mercedes would give you an undertaking that it won't
 3   incorporate these works of art in any future advertising.
 4   I'm being presumptuous with that, but I'm taking, you know,
 5   note of the real world and that you would not be able to
 6   prosecute.  You won't prosecute.  You won't do anything
 7   because you said that you've got no cause of action.  Is
 8   that what you're saying?
 9               MR. ERIKSON:  If we choose to sue, then we would
10   register the copyrights and bring the infringement action.
11               THE COURT:  Well, let's do it this way, okay?
12   I'll issue these decisions denying your motions, which will
13   require you to file an answer, and we'll have a status
14   conference after that and see where we go.
15               The Court is not a play thing, sir.  The Court
16   deals with serious matters, okay?  And when a copyright is
17   at issue, common law copyright or statutory copyright, it's
18   an important thing because the authors or the painters or
19   whatever you want to call them allege a misappropriation, a
20   misuse of their art.  That they put this mural up for the
21   public to see, and you're saying what Mercedes has done --
22   it's part of the public -- what Mercedes has done is
23   utilized these murals in its advertising; that it wasn't
24   accidental that this car happened to go by and when they
25   took the photograph of the car the mural was in the

1    background.

2              Is that what you're going to say, Mr. Palizzi?

3              MR. PALIZZI:  You know what, Judge, I'm local
4    counsel so I'm not here prepared to speak on the motion, but
5    I can tell you that, generally speaking, it's our position
6    that there was no infringement under the act because the
7    portion and only a portion of the mural or murals were shown
8    in the background of the ad which featured the vehicle.

9              THE COURT:  Yeah, but they were shown in the
10   background, but was that just coincidence or was the route
11   that these cars followed designed to capture background, the
12   murals in the background or do you want to stand mute?

13             MR. PALIZZI:  I'm happy to stand mute, Judge,
14   but every picture that a photographer takes considers the
15   background, and there were all sorts of things in the
16   background of these things.

17             THE COURT:  No, these murals are distinctive.
18   Come on now.

19             MR. PALIZZI:  Well, they are --

20             THE COURT:  Wait a minute.  You are a good
21   lawyer.  Don't trivialize this, please.

22             MR. PALIZZI:  I'm not --

23             THE COURT:  These murals have a uniqueness.
24   They are works of art, and they are entitled to protection.
25   They were posted so that the public would see them and the

1   city's beauty enhanced.
2               Okay.  These advertisements, were the cars
3   moving or were these stills?
4               MR. PALIZZI:  They were still photographs of the
5   car moving.
6               THE COURT:  But as the cars moved their
7   photograph was taken?
8               MR. PALIZZI:  That's correct.
9               THE COURT:  Okay.  The whole big thing here is
10  did the agency which designed the route, because these
11  weren't casual routes, presumably knew of the murals so it's
12  not accidental that they appear in the background.  Maybe
13  I'm getting too far ahead, but I think that's, when we get
14  all done, that's the issue.
15              MR. PALIZZI:  Yeah, I think that capsulates the
16  issue perfectly, Judge.
17              THE COURT:  And in the real world conventionally
18  when someone is going to use a work of art as background for
19  an ad they get a release from the painter in advance
20  typically, but we're not that far yet so I'm not going to
21  realign at this moment because the artists have not fully
22  decided on how they want to approach Mercedes and presumably
23  get compensation for their work or a royalty because you
24  can't -- Mercedes can't tear down the buildings, and I
25  presume that Mercedes will not show these ads again.

*Hearing on Motions to Dismiss*
*Monday, September 9, 2019*

| | |
|---|---|
| 1 | MR. PALIZZI: We have as a courtesy -- |
| 2 | THE COURT: What? |
| 3 | MR. PALIZZI: As a courtesy, and not because we |
| 4 | agree with plaintiffs' position, Mercedes took down the |
| 5 | internet ads. |
| 6 | THE COURT: I know, I understand that. I'm not |
| 7 | accusing you of any wrongdoing or any illicit conduct at |
| 8 | this time. I'm just looking forward. |
| 9 | There's enough work for the Court to deal with |
| 10 | serious disputes that have some significance so when you get |
| 11 | a case, at least in the Court's mind, that may or may not |
| 12 | have that significance, you want to be careful. |
| 13 | Do you have anything more you want to say, |
| 14 | Plaintiff? |
| 15 | MR. PALIZZI: No. No thank you, Judge. |
| 16 | THE COURT: Do you have anything more you want |
| 17 | to say? |
| 18 | MR. ERIKSON: I just wanted to say two things. |
| 19 | I think Mr. Gluck would like to speak as well. |
| 20 | We can commit to registering these copyrights if |
| 21 | the Court wants to plan on realigning. We can have that |
| 22 | done in a few weeks. |
| 23 | THE COURT: Well, we'll see. We'll see. |
| 24 | MR. ERIKSON: The second thing I want to mention |
| 25 | is that if the controversy that -- this case turns on sort |

*Mercedes Benz v. Lewis/Soto/Bombardier*

1   of whether the murals were deep in the background or
2   noticeable or purposely put there, it sounds like we're
3   going to get into a fair use analysis, and I would suggest
4   that that is the appropriate analysis for this case.
5               THE COURT:  Well, we'll see.  We'll see.
6               MR. ERIKSON:  Okay.
7               THE COURT:  By the way, after we issue the
8   opinion and memorialize the decision and we schedule a
9   status conference, you can participate by telephone if you
10  want to.
11              MR. ERIKSON:  Thank you.
12              THE COURT:  Mr. Lippitt can handle --
13              MR. LIPPITT:  I always love to come here,
14  Your Honor.
15              THE COURT:  I know, I know.  But I don't like to
16  see lawyers traveling vast distances for a short hearing so
17  I do a lot of work by conference telephone with the
18  court reporter and the formalities attendant.
19              MR. ERIKSON:  We will take you up on that.
20              THE COURT:  Okay.  Thank you.  This is a
21  reciprocation of the fact that I once had five cases on the
22  docket of the federal court in Riverside, California, and I
23  never set foot out of Detroit in the handling of the
24  five cases.
25              Thank you.

*Mercedes Benz v. Lewis/Soto/Bombardier*

1     MR. GLUCK:  Your Honor, if I may, I wanted to
2  address the ripeness issue for a moment, if I may.
3     THE COURT:  Yeah.  Go ahead.
4     MR. GLUCK:  In order to, in order to be ripe,
5  there can't be any contingent future events that may or may
6  not occur.  These artists are not allowed to file a
7  copyright infringement lawsuit until they successfully
8  register their copyrights with the U.S. Copyright Office.
9  That may or may not happen depending on whether the U.S.
10 Copyright Office accepts and approves their applications.
11 That's why we believe this case should be dismissed for lack
12 of ripeness, which would then allow us to register or at
13 least apply, obtain registrations, and then file a copyright
14 infringement lawsuit, which would realign the parties as you
15 would want.
16     THE COURT:  We'll take that into consideration
17 in our decision.
18     MR. GLUCK:  Thank you, Your Honor.
19     THE COURT:  Anyone else?
20     MR. PALIZZI:  No, nothing here, Judge.
21 Thank you.
22     THE COURT:  Thank you.  The Court is in recess.
23     (Proceedings concluded at 11:13 a.m.)
24                   - - -
25

*Mercedes Benz v. Lewis/Soto/Bombardier*

*Hearing on Motions to Dismiss*
*Monday, September 9, 2019*

**C E R T I F I C A T I O N**

I certify that the foregoing is a correct transcription of the record of proceedings in the above-entitled matter.

s/ Sheri K. Ward                                        9/10/2019
Sheri K. Ward                                           Date
Official Court Reporter

- - -

*Mercedes Benz v. Lewis/Soto/Bombardier*