UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MERCEDES BENZ, USA, LLC.,

    Plaintiff,
v.                                                                                                 HON. AVERN COHN

JAMES LEWIS,                                                         Case No. 19-10948
JEFF SOTO and MAXX GRAMAJO,                 Case No. 19-10949
DANIEL BOMBARDIER,                                    Case No. 19-10951

    Defendants.
_____/

## ORDER CONSOLIDATING CASES AND BIFURCATING LIABILITY AND DAMAGES

I. Introduction

These are declaratory judgment actions arising out of alleged copyright infringement. Plaintiff Mercedes Benz USA, LLC (Mercedes) filed three (3) declaratory judgment actions in this district against defendants who are artists and represented by the same counsel.[1] In broad terms, Mercedes obtained a permit to photograph various locations in downtown Detroit in conjunction with advertising one of its vehicles. Mercedes posted six (6) of the photographs on Instagram which depict in whole or in part murals painted on public buildings in Detroit by defendants. The murals are background to the vehicles. Defendants, through counsel, sent letters to Mercedes contending that the use of defendants' murals violates copyright law. Mercedes responded by seeking declaratory relief. Defendants filed separate motions to dismiss which were denied. In order to move the cases efficiently, they will be consolidated and

---

[1] The undersigned was assigned the first case by blind draw. The two later cases were reassigned to the undersigned as companions to the first case.

liability and damages will be bifurcated.

## II. Consolidation

It is undisputed that each case presents common questions of law and fact. Once a common question has been established, the decision to consolidate rests in the sound discretion of the district court. See Banacki v. OneWest Bank, FSB, 276 F.R.D. 567, 571 (E.D. Mich. 2011). Here, consolidation is appropriate for judicial economy.

## III. Bifurcation

The decision to bifurcate is firmly within the discretion of the trial court. Smith v. Allstate Ins. Co., 403 F.3d 401, 407 (6th Cir.2005). Fed. R. Civ. P. 42(b) provides that a court may bifurcate a matter into separate trials "[f]or convenience, to avoid prejudice, or to expedite and economize." Bifurcating liability and damages will streamline discovery. Discovery on damages shall abide a decision on liability.

## IV. Conclusion

Proceedings in these cases are CONSOLIDATED. All papers shall be filed under case no. 19-10948.

Liability and damages are BIFURCATED.

SO ORDERED.

S/Avern Cohn
AVERN COHN
UNITED STATES DISTRICT JUDGE

Dated: 9/26/2019
Detroit, Michigan